THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS R. LAMPÓN SIERRA, Defendant and Appellant.

No. 15728.  Argued March 1, 1955.—Decided March 29, 1955.

*Benicio Sánchez Castaño* and *R. Rivero Cervera* for appellant. *José Trías Monge, Attorney General, Rafael L. Ydrach Yordán* and *Ramón Olivo Nieves, Fiscal* and *Special Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the Superior Court of Puerto Rico, San Juan Part, Luis H. Lampón Sierra and Francisco Arrufat were charged with a violation of § 83 of the Penal Code of Puerto Rico [1] be-

---

[1] Section 83 of the Penal Code of Puerto Rico provides:

"Every executive officer, or person elected or appointed to an executive office, who asks, receives, or agrees to receive, any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the penitentiary not less than one nor more than fourteen years; and, in addition thereto, forfeits his office, and is forever disqualified from holding any office."

The amendment to this section by Act No. 166 of April 30, 1952 (p. 344), plays no part here.

cause on or about the month of July or August, 1950, at barrio Puerto Nuevo, of San Juan, acting jointly and while both were discharging the position of Assistant Engineers of the Bureau of Permits of the Government of Puerto Rico, they unlawfully, intentionally, voluntarily, criminally and corruptly, asked Alfonso Pérez Matos for a bribe through Manuel Ramírez de Choudéns, receiving from the former by way of the latter the amount of $75, with the understanding that they would allow Pérez Matos to continue the unlawful construction of a project which he had undertaken in a building of his own in said ward, without having obtained the corresponding permit authorizing him to proceed with said work.

Tried jointly before a jury, both defendants were found guilty of the offense charged. The trial court sentenced each one to a term of from one to five years' imprisonment in the penitentiary at hard labor. Both appealed. Arrufat's appeal, however, was dismissed because he informed the Court in writing that he had no assignments of error.[2] Lampón Sierra assigned the errors which we now proceed to discuss:

The first error is that the court made certain remarks which in his opinion influenced the jury with respect to the weight and sufficiency of the evidence for the prosecution, as well as to his guilt. In support of his contention he cites the following:

"Hon. Prosecuting Attorney: I wish to announce that we have decided not to introduce evidence in rebuttal.

"Hon. Judge: I had taken that for granted."

█ ▌ Appellant contends that those remarks made by the judge prejudiced him inasmuch as they could be interpreted by the jury to the effect that in the judge's opinion the prosecuting attorney had no need to introduce additional evidence in order to convict the defendant. However, if we

---

[2] See our resolution of May 7, 1954.

consider the circumstances which prompted the judge to make such remarks, it is evident that they were not susceptible of the interpretation given to them by the appellant. Let us see: at the close of the evidence for the defense the prosecuting attorney requested a ten-minute recess "to introduce evidence in rebuttal or to begin with the closing arguments." Almost immediately one of the jurors requested permission to ask the defendants two questions. In view of that, they again took the witness stand and were examined and cross-examined by the parties. After a recess the following took place when the session was resumed:

"Hon. Judge: Do you accept that the jury is the same and that it is complete?

"(Both parties answer affirmatively).

"Hon. Judge: The prosecuting attorney may make his closing address. The prosecuting attorney has until 11:05 a.m. and the defense until 11:35 a.m. and the prosecuting attorney until noon. I shall give the instructions at 2:00 p.m.

"Lic. Marrero Ledesma: My colleague, Mieres Calimano, who is Mr. Lampón's attorney, shall take a turn for Mr. Lampon, and the speaker, who is Arrufat's counsel, shall only take a short turn.

"Hon. Judge: The time can be divided. There is one hour and a half left. Three quarters of an hour for the defense and three quarters of an hour for the prosecuting attorney. Why don't you reach an agreement and the defense may address the jury first and the prosecuting attorney close the case?

"Hon. Prosecuting Attorney: I believe that it is convenient.

"Hon. Judge: You may present the case and make corrections at the same time.

"Hon. Prosecuting Attorney: I wish to announce that we have decided not to introduce evidence in rebuttal.

"Hon. Judge: *I had taken that for granted.*" (Italics ours.)

The limit of time for the addresses of the prosecuting attorney and the defense having been fixed, and the prosecuting attorney having remained silent as to his intention of introducing the announced evidence in rebuttal, the judge was logically entitled to assume that the prosecuting attorney

had desisted from said idea. We can not conceive how in the light of such circumstances the jury could interpret the remarks of the judge as suggested by the appellant. We are not dealing here with remarks made by a judge tending reasonably to influence the minds of the jury against the defendant, depriving him of the right to a fair and impartial trial. *People* v. *Vázquez*, 75 P.R.R. 22; *People* v. *Díaz,* 74 P.R.R. 348, 367; *People* v. *Bartolomei*, 70 P.R.R. 664. On the other hand, the defense raised no objection to the remarks of the judge, and this Court has repeatedly held: "that a defendant should not keep silent when at the trial an irregularity takes place which he considers prejudicial to his rights and wait until the end of the trial and if convicted, assign on appeal, such irregularity as error." *People* v. *Cortés*, 69 P.R.R. 319, 324; *People* v. *Márquez*, 67 P.R.R. 303, 313; *People* v. *Emmanuelli*, 67 P.R.R. 626. For the foregoing reasons, we conclude that the aforesaid statements of the trial judge were in no way prejudicial to the defendant. Therefore, the first error was not committed.

Appellant complains in the second place that the lower court erred in improperly summarizing the testimony of Manuel Ramírez de Choudéns, star witness of the People. This witness testified on direct examination that he visited the defendants Lampón Sierra and Arrufat in order to see whether they would permit him to continue the construction of a terrace, a car port and a garage in the house of Alfonso Pérez Matos at Puerto Nuevo without the permit required by the Bureau; that Arrufat told him "this affair is in bad shape, but tell Mr. Pérez Matos that if he puts up some money I am able . . . to let him proceed with the project without the permit." On cross-examination by the defense, however, the same witness attributed said statements to the codefendant Lampón Sierra, thereby incurring an apparent contradiction. As part of his instructions to the jury, the judge made a summary of the testimony of each witness and

in referring to the testimony of Ramírez de Choudéns he mentioned that the latter attributed the aforesaid statements to appellant Lampón Sierra, but he did not mention the fact that Ramírez de Choudéns also attributed the same statements to Arrufat. Of course, in instructing the jury it was the duty of the trial judge to make a summary analysis of the evidence presented at the trial. *People* v. *Rodríguez*, 69 P.R.R. 913; *People* v. *Valentín*, 63 P.R.R. 756; *People* v. *Cartagena*, 54 P.R.R. 827. Appellant's contention is that the judge in acting as he did, that is, in attributing those words to Lampón Sierra alone, settled the contradiction incurred by the witness Ramírez de Choudéns and in so doing invaded the functions of the jury and deprived him of his right to a fair and impartial trial. We do not agree. Unquestionably, in making the analysis of the evidence, the trial judge, through inadvertence, committed the error charged.[3] But that inadvertence does not have the effect attributed to it by the appellant, and it should not result in reversal of the judgment, especially if it is considered that according to the testimony of Ramírez de Choudéns, when he delivered to Arrufat the money constituting the bribe, both defendants were present. The fact that on the first occasion mentioned either one or the other acted as spokeman for both to request the bribe, does not alter the situation.

On the other hand, there is nothing in the transcript of evidence sent up to this Court to show that the appellant at any time made an objection to the analysis of the evidence made by the court with respect to the testimony of witness Ramírez de Choudéns, or that he called the court's attention to the omission or inadvertence that he now assigns as error. Naturally, when by error a judge incurs omissions or in-

---

[3] In making a summary of the evidence in his instructions, the trial judge is not bound to reproduce fully the testimony of each witness. A reasonably complete summary of the evidence is enough. *People* v. *Urbina*, 50 P.R.R. 843.

advertences in making a summary of the evidence introduced in the case, the defendant is bound timely to call his attention to said omission in order to safeguard his rights on appeal.

Our case law has established that when a defendant does not agree with the instructions given by the court he must take specific exceptions to those which he deems prejudicial, so as to give the trial court an opportunity to correct them. If he fails to do so, he thereby waives any error in the instructions which is not fundamental. *People* v. *Feliciano*, 70 P.R.R. 834; *People* v. *Muñiz*, 73 P.R.R. 405; *People* v. *Ortiz*, 68 P.R.R. 632; *People* v. *Márquez, supra; People* v. *Millán*, 66 P.R.R. 233; *People* v. *Valentín, supra; People* v. *Cartagena, supra; People* v. *Benítez*, 47 P.R.R. 74; *People* v. *Maldonado*, 45 P.R.R. 405. Hence, the appellant has no right to allege that the aforesaid inadvertence warrants the reversal of the judgment against him. Furthermore, erroneous or deficient instructions which do not prejudice the substantial rights of the accused are not important and are not a ground for reversal. *People* v. *Lebrón*, 61 P.R.R. 634, 647.

Appellant also contends that the trial court made reprehensible imputations to the counsel of the defense in the presence of the jury. On cross-examination of the witness for the prosecution, Alfonso Pérez Matos, the following took place:

"Hon. Judge: One moment, please. A question answered by the witness has not reached the jury. Stenographer, read it to the jury. Let us not conceal what is being spoken. A question which the witness has answered has not reached to the jury.

"Lic. Juliá: We wish to take an exception to the statements of the court because I believe that the defense at no time has obstructed the witness in his testimony and still less that the defense has acted with any intention to conceal anything of what the witness has testified, and furthermore, we wish to state that the whole incident and the statements of the court, have been in the presence of the jury.

"Hon. Judge: Let the record show that everything my colleague says is true, except that both attorneys, and particularly Mr. Marrero Ledesma, have persistently insisted, despite the measures taken by the court, in cross-examining the witness despite the court's order to let the witness talk and to let the stenographer repeat his statement, which was stifled by the shouts and obstinate questions intended to prevent the jury from hearing those statements. Let it be clearly stated in the record. You may now proceed with the cross-examination.

"Lic. Marrero Ledesma: Please, allow me your Honor? We sincerely apologize to your Honor if your Honor believes that the speaker has been disrespectful to you.

"Hon. Judge: I do not believe that, counsellor. I have not said that either attorney has been disrespectful to me. What I have said is that the jury is entitled to hear the witness' answer and that no attorney should continue a cross-examination when the court orders the stenographer to read the answer and your Honor obstinately continues to examine the witness, stifling his words and the court's and therefore, it will go on the record because an exception has been taken in order that everything be clear. Continue. No one has been disrespectful to anybody. Counsellors are defending their clients with the zeal that they should display, but they have overdone it because they have not heard the admonitions of the court and therefore, the court has the obligation to see that the jury hears every word pronounced by the witness. You may continue."

The appellant's contention is that the imputation made by the judge against counsel of the defense created in the minds of the jury a hostile attitude against both defendants, thus depriving them of a fair and impartial trial. Said contention is entirely frivolous and does not deserve serious consideration. *Cf. People* v. *Acevedo*, 35 P.R.R. 886. The words addressed by the judge to the counsel of the defense were not such as to prejudice the defendants. The main, if not the sole purpose of the judge, was to have the jurors hear the witness' testimony. Statements of the court which do not impair the defendant's right are not ground for reversal. *People* v. *Vázquez, supra.*

■ Finally, appellant alleges that the trial court erred in instructing the jury that it could return a verdict either "by a majority, or by a unanimous vote, or by nine to three vote." [4] Actually, the instruction is confusing and perhaps it could have been interpreted by the jury in the sense that the verdict could be by agreement of half of the jurors plus one. Said verdict would be in conflict with the provisions of § 185 of the Code of Criminal Procedure. [5] However, in the case at bar such instruction is not an error warranting reversal, for the following reasons. Immediately after the jury's verdict was returned, the judge addressed the Foreman as follows:

"Hon. Judge: Is this the verdict of each and everyone of the jurors or of a majority? Of nine to three or more than that? It has to be a majority of more than nine or of nine in favor of the verdict, is this so?

"Mr. Foreman: Yes, sir.

"Q.: The verdict is declared to be in due form and both defendants are found guilty of the offense of bribery, felony, violation of § 84 (sic) of the Penal Code . . ." etc.

The clear way in which the judge explained to the gentlemen of the jury that there had to be a majority of nine or more in favor of the verdict and the positive answer of the Foreman, leave no room for doubt that the jury had clearly understood that in order to return a verdict it had to represent the agreement of at least nine of the twelve persons composing said body. [6] In any event, since the verdict was returned by the number of jurors required by law, the defendant was in no way prejudiced.

The judgment appealed from will be affirmed.

---

[4] Subsequently, the judge told the jury that the verdict could be "by a majority or a unanimous vote."

[5] Section 185 of the Code of Criminal Procedure as amended by Act No. 11 of August 19, 1948, (Spec. Sess. Laws, p. 212), provides:

"In all cases in which, under the laws of Puerto Rico, a jury must render a verdict, said verdict shall be by the concurrence of no less than three-fourths (¾) of the jury."

[6] Our former criterion is ratified in reading in the transcript of evidence that, prior to the return of the verdict by the jury, after it

had been deliberating for some time, it asked to return to the courtroom where the Foreman stated: "We do not agree.   Seven in the affirmative . . ."   The judge immediately stated: "you do not have to state the number.   You do not have to say how the jury stands."   This undoubtedly shows that the jury understood that the verdict could not be by a majority consisting of one-half of the jury plus one but by a majority of at least nine to three.